EASTERN DIS.
June, 1834.

LAMBETH
vs.
THE MAYOR
ET ALS.

## LAMBETH *vs.* THE MAYOR ET ALS.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The purchaser of property at sheriff's or marshal's sales, is entitled to the sum which he really paid and which must be reimbursed in case of eviction, the consideration having thereby absolutely failed.

Sheriffs, marshals and constables are directly responsible so far as their negligence or want of skill, in the execution of the duties of their offices, cause a *direct* injury, but not for losses remotely consequential and such as grow out of a failure to gain or make profit.

An attorney at law whose name does not appear on the record, and who has not been employed in the suit by the party, although he had previously been engaged in a case remotely connected with it, has no authority to receive money from the marshal on account of such party. On the attorney's authority being disavowed, the marshal will be responsible for the re-payment of the money.

EASTERN DIS.
*June,* 1834.

LAMBETH
*vs.*
THE MAYOR
ET ALS.

Where a purchaser at a marshal's sale is afterwards evicted on the ground that the property was not legally sold, the only injury he sustains is the amount which he paid for the property.

Seizing creditors of property sold under execution are responsible to the purchaser no further than for the re-imbursement of the purchase money.

The plaintiff alleges that on the 16th of March 1829, he became the purchaser of two lots in the city of New-Orleans at a public sale by the city marshal, under an execution issued from one of the city courts against said lots by the corporation for taxes; and that by the tortious and illegal seizure and sale of said lots when no taxes were due; and by the neglect of the marshal to observe the formalities of the law in making the sale, he has been evicted therefrom after making valuable improvements; in consequence of which he alleges the corporation and the marshal are jointly and severally responsible to him for the present value of the lots which he estimates at four thousand dollars, and for the improvements thereon valued at one thousand five hundred dollars; for the whole amount of which he prays judgment against the corporation and the city marshal jointly and severally.

The defendants answered separately, the corporation pleaded the general issue; and that the persons by whom the plaintiff charges he was disturbed and evicted had no right or title to said property.

The city marshal pleaded a general denial, and that the plaintiff had no right of action against him and prays to be dismissed. He subjoined the plea of prescription of one year.

The testimony shows that in 1828, the corporation of New-Orleans obtained judgment in one of the city courts against two lots in faubourg Lacourse for arrearages of city taxes of fourteen dollars and ten cents on one, and six dollars and ten cents on the other, together with costs, which were advertised and sold under executions issued on said judgments by the city marshal and Wm. M. Lambeth the present plaintiff became the purchaser for the sum of three hundred and ten dollars cash for one, and two hundred and twenty dollars

Eastern Dis.
June, 1834.

LAMBETH
vs.
THE MAYOR
ET ALS.

in cash for the other.   In December 1830, he entered into an agreement with one Nash to give him one thousand eight hundred dollars in money and the lots purchased at marshal's sale, in consideration of Nash's erecting certain buildings for him.   The titles to be executed on delivery of the keys of the buildings.   Under this agreement Nash proceeded to make improvements on the lots to the value of six hundred dollars.   In March 1831, one Delogny and others the real owners of said lots, instituted suit against Nash as the possessor for their recovery.   Nash answered that he held the lots of Lambeth, and prayed that the latter might be cited to defend the suit.   Lambeth appeared and called the corporation in warranty and claimed the value of his improvements. Lambeth was evicted and Delogny recovered the lots on the ground that there were no regular and legal advertisement of this sale by the marshal.   Lambeth was not allowed for the improvements, but as they were put on the ground by Nash he was allowed to remove them.   *Vide* 3 *La. Rep.* 425.

Delogny, in March 1832, brought suit against the corporation before judge Preval, to annul the original judgment under which the lots were sold.   Judgment of nullity was pronounced on the ground that the taxes assessed at the time the lots were decreed to be sold were paid.

The lots having originally sold for much more than the taxes and costs claimed to be due on them a large balance remained in the marshal's hands.   Mr. Preston who had acted as Lambeth's attorney in defending the suit of Delogny, but was regularly employed by one Fitzwilliam to defend a similar suit, who after the eviction inquired of the counsel what further steps were necessary; Preston replied that nothing else could be done, but get back the money paid by the parties to the marshal; and under this authority gave a receipt to the marshal for the balance in his hands, which had been paid by Lambeth for the purchase of the lots.   On application to the city council they refused to do any thing more than refund the money which had been received for taxes on said lots.

Lambeth disavowed Preston's authority to receive the

EASTERN DIS.
June, 1834.

LAMBETH
vs.
THE MAYOR
ET ALS.

balance of the purchase money from the city marshal, on which he tendered it back to the marshal who refused to re_ ceive it. He then deposited it in the City Bank where it now is. He received it on the 19th of May 1832, and between that time and March 1833, he never informed the plaintiff he had received it. Preston had no other authority whatever to receive this money, except what might be inferred from the simple fact of his having previously defended Lambeth, with his own client Fitzwilliam, against the suit of Delogny. This receipt was offered in evidence by the counsel for the defendants, when the counsel for the plaintiff objected to its admission in evidence, on the ground that Mr. Preston was not authorized to receive the money as Lambeth's counsel, and produced the plaintiff's affidavit disavowing his authority to receive it; but the court admitted it, and rejected the affidavit, because to admit it, would be to allow him to contradict by affidavit, the *presumption* that Mr. Preston was his attorney duly authorized by him, without the benefit of a cross-examination by the defendant. A bill of exceptions was taken to the opinion of the court.

The district judge considered the receipt of the money by Preston as binding on the plaintiff, and that the corporation was only bound to refund what it had received with costs, and gave judgment accordingly for the plaintiff against the corporation for fiifty-five dollars and seventy-three cents and costs of suit, and in favor of the heirs of the city marshal.

The plaintiff appealed.

*Slidell*, for the plaintiff.

1. The duties of the city marshal are the same as those of sheriffs, *see section* 10 *of act organizing city courts, acts of* 1830 *p.* 188. These duties are defined by act of 25th of March 1813, and *Code of Practice, art.* 760, &c. In exposing property for sale, they are bound to see that all the formalities of law are observed and are responsible for all damages which may be caused to others by a neglect of such formalities. *See La. Code, art.* 2294, 2295. 11 *Toullier p.* 214, 265. 10 *Martin* 308.

2. The marshal having acted under the orders of the mayor, aldermen, &c. they are responsible for his doings. *La. Code* 2299. This responsibility should be the more rigidly enforced because they were wrong doers *ab initio*, the debt for which the property was seized having been paid. They are at all events responsible for the price of the sale. *See Code of Practice, art.* 711, 712.

EASTERN DIS.
*June*, 1834.

LAMBETH
*vs.*
THE MAYOR
ET ALS.

3. Attorneys at law as such have no right to receive money, excepting in suits were they are specially employed; their authority may be inquired into in all cases, if denied. 9 *Martin* 88. 12 *Martin* 388. 8 *Martin, N. S.* 235.

4. The receipt by an attorney acting without authority of the balance of the price of the sale from the marshal, cannot affect the rights of Lambeth. 3 *La. Rep.* 205. 4 *Martin, N. S.* 145. See also for authority of an attorney to do any act prejudicing a client. 6 *Johnson's Rep.* 53. 8 *Johnson's Rep.* 367.

5. Prescription could only run from the day of eviction under final judgment; until then plaintiff had sustained no injury and had no right of action. 6 *Martin N. S.* 709.

*Eustis*, for the corporation of New-Orleans, and the appellees.

1. By the statement of the case in petition there is no privity of contract or connexion between the plaintiff and the corporation of New-Orleans or their agents.

2. If any tort was committed by the officers or agents of the corporation, it only affected Delogny the owner of the lots.

3. In no possible event can a purchaser at a sheriff's sale have any recourse against the seizing creditor, except for the money received by the latter from the former.

4. The receipt of the purchase money by the attorney stops the plaintiff from suing for it, or any damages resulting from his alleged eviction.

5. The judge erred in assuming that the corporation received any part of the purchase money, which if received

ought to have been the subject of a distinct suit and cannot be recovered in this, under the allegations of the petition.

MATHEWS, J., delivered the opinion of the court.

This suit is brought to recover remuneration for damages which the plaintiff alleges he has suffered by the illegal and tortious conduct and gross negligence of the defendants in relation to the sale of two lots in the faubourg Lacourse, which were seized at the instance of the corporation, and sold by the marshal of the city court to pay taxes and other dues assessed on said lots, &c.

The court below rendered judgment against the mayor, aldermen and inhabitants of the city, for the amount of debts and costs received by them in the city court, and dismissed the suit so far as it relates to the claim against the marshal. From this judgment the plaintiff appealed.

The appellant claims not only the amount actually paid by him as purchaser of the lots in question at the sale by the marshal; but also all consequential damages and loss occasioned by his eviction from the property. In truth he claims the full value of the lots, and the improvements made on them through his means at the time of eviction, as might be done if the case were one of warranty.

The facts of the case necessary to be noticed in its decision are the following. Proceedings against these lots were ordered by the corporation in pursuance of provisions of an act of the legislature, which authorised a kind of pursuit *in rem*, against real property in the city unimproved and unoccupied, to enforce payment of taxes, &c. In that suit which was instituted in one of the city courts, judgment was rendered and the lots were sold by the marshal under execution.

The owners of the property afterwards recovered it from the possessors, under the plaintiffs title as derived from the marshal's sale, on the ground of irregularity in the proceedings by virtue of which it was made.

The sale by the marshal being annulled, the plaintiff in the present action, the purchaser, lost the benefit which he

might have obtained from sales and contracts made by him in relation to this property. The judgment which ordered the sale to pay taxes, &c., was subsequently annulled on the ground that no taxes or other assessments were owing on the property which was pursued by the court which had rendered it. The lots are shown to be worth a much greater sum than was paid for them when sold by the marshal, and to recover this amount in addition to the price actually paid is the object of the present suit.

The plaintiff is clearly entitled to a judgment by which the sum really paid by him shall be reimbursed, the consideration of the price having absolutely failed. Such judgment must be rendered in proportion to the several amounts as retained by the marshal or transferred to the use of the corparation.

*The purchaser of property at sheriffs or marshals sales is entitled to the sum which he really paid and which must be reimbursed in case of eviction, the consideration having thereby absolutely failed.*

The right to recover more than this is assumed on the part of the plaintiff, as supported by the provisions of the *Louisiana Code* in relation to offences and *quasi* offences. The responsibility of offenders and negligent persons are laid down in broad terms by the articles 2294, 2295. The latter of these is applicable to the cause now under consideration. It is in the following words, "every person is responsible for the damage he occasions not merely by his acts, but by his negligence, his imprudence or his want of skill.

It is contended in the present instance that the loss of property, the value of which is said to be the measure of damages suffered by the plaintiff, in consequence of his eviction, was occasioned by the negligence and unskillfulness of the marshal in not having advertised the sale in a legal manner, for which he is directly answerable, and the corporation indirectly, he being the agent or mandatory.

To give the effect contended for to the article of the Code relied on, would be to make all judicial ministerial officers, such as sheriffs, marshals and constables warrantors of all the property by them sold as agents in the administration of justice; a proposition which as appears to us cannot be supported on any principle of law, reason, justice or equity. They certainly ought to be held responsible so far

*Sheriffs, marshals and constables are directly responsible so far as their negligence or want of skill, in the execution of the duties of their offices cause a direct injury, but not for losses remotely consequential and such as grow out of a failure to gain or make profit.*

EASTERN DIS.
June, 1834.

LAMBETH
vs.
THE MAYOR
ET ALS.

as the negligence or want of skill has caused a direct injury to the person complaining of such negligence; but not for losses remotely consequential, and such as grow out of a failure to gain. Take the present case as an example to illustrate; what is the direct and real injury done to the plaintiff by the negligence of the marshal, in consequence of which the sale was avoided to the prejudice of the former? it does not extend beyond the amount paid on a void contract of sale, which the heirs of the officer, he now being dead, were bound to defend.

The money which remained in the hands of the marshal arising from the sale by him made, beyond the amount of taxes and costs, was according to the testimony on this subject paid in error to Mr. Preston who had no legal authority to receive it; consequently the former is still liable for this sum to the plaintiff.

The agents of the corporation are charged with having acted tortiously in pursuing property for taxes and other dues when they must or ought to have known that nothing was owing on said property. To say the least of it, this was a very careless and improper proceeding. But the injurious consequences operated immediately on the rights of the original owners, and only indirectly on those of the purchaser at the sale by the marshal. And even in this indirect manner the real and positive injury to him is no more than the amount paid without consideration.

The responsibility established by the *Code of Practice* against seizing creditors, (even admitting the corporation to be liable to any such in the first case, which is doubtful) cannot be extended further than the reimbursement of the price paid by the purchaser, and by them received. *Code of Practice, art.* 711, *et sequentes.*

The facts of the case do not support the prescription of one year relied on by the counsel for the marshal.

It is, therefore ordered, adjudged and decreed, that the judgment of the District Court against the mayor, aldermen and inhabitants of the city, be affirmed with costs, &c. And

*An attorney at law whose name does not appear on the record and who has not been employed in the suit by the party although he had previously been engaged in a case remotely connected with it, has no authority to receive money from the marshal on account of such person. On the attorney's authority being disavowed, the marshal will be responsible for the re-payment of the money.*

*Where a purchaser at a marshal's sale is afterwards evicted on the ground that the property was not legally sold, the only injury he sustains is the amount which he paid for the property.*

*Seizing creditors of property sold under execution, are responsible to the purchaser no further than for the reimbursement of the purchase money.*

EASTERN DIS.
*June, 1834.*

LAMBETH
*vs.*
THE MAYOR
ET ALS.

it is further ordered &c., that the judgment of said Court dismissing the suit as against the marshal, be avoided, reversed and annulled, and proceeding here to give such judgment as in our opinion ought to have been given in the court below; it is ordered, adjudged and decreed, that the plaintiff and appellant do recover from the heirs of L. M. Daunoy, late marshal of the city court, five hundred and sixty-seven dollars and ninety cents, with legal interest from judicial demand, and costs in both courts.

### OPINION ON THE RE-HEARING OF THIS CASE.

This case is before the court on a rehearing. Our former judgment condemned the heirs of the marshal of the city courts, (who was a party defendant in the suit,) to pay to the plaintiff five hundred and sixty seven dollars and ninety cents, being the price which he had paid for certain lots of ground situated in the faubourg Lacourse, which had been sold by the marshal under a judgment obtained by the corporation for taxes and against a non-resident of the city. The sale made by the marshal was annulled on account of informalities in his proceedings, and the lots in question were recovered by Delongny the original proprietor, in a suit against one Nash who disclaimed title and the action proceeded against Lambeth to final judgment, &c. The evidence of the present case shows a compromise between Nash, and the plaintiff, by which the latter agreed to pay him six hundred dollars, in consequence of some contract which had taken place between them in relation to these lots at the time when Lambeth considered himself as owner under the sale by the marshal; and the course of our former judgment, now complained of, is that this sum was not adjudged to the plaintiff as damages resulting directly from the negligence and misconduct of the officer in advertising and selling the property seized for the payment of taxes and the dues to the city. Perhaps sheriffs and other ministerial officers ought to be held responsible for all damage and injury which purchasers of property sold under execution

EASTERN DIS. may suffer, as a direct consequence of the negligence and
June, 1834.
━━━━━━━ misconduct of such officers, in which the formalities required
MIRANDA
*vs.* by law and to give validity to such sales were omitted; and
CITY BANK OF
NEW-ORLEANS. loss accruing in consequence of warranty in a subsequent
sale by a purchaser at a sheriff's sale illegally conducted,
might be considered as a damage of this kind. In the suit
above recited, Lambeth did not appear as Nash's warrantor.
He defended as the real owner, and in that case the tenant
obtained a judgment authorising the removal of the build-
ings by him put on the lots in dispute; a proper defence in
that action ought perhaps to have ended in a decree of
payment of the value of those improvements by the
original owner, as they had been made by a possessor in
good faith. The defendants seem however to have been
contented with the decree which authorised the removal
of these edifices. They are certainly not entitled to both
the thing and its value.

We are of opinion that the marshal cannot be held
legally responsable for the consequences of the compromise
between Lambeth (the present plaintiff,) and Nash, what-
ever might have been his liabilities consequent on a sale
to Nash, on eviction and damages recovered in an action of
warranty.

It is therefore ordered, &c., that our former judgment
be and remain undisturbed.