EASTERN DIST.
*June,* 1835.

KERNION, SYNDIC, *vs.* JUMONVILLE DE VILLIER.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

KERNION,
SYNDIC,
*vs.*
JUMONVILLE DE
VILLIER.

8 L 547
52 447

Where A purchased one-fourth of a sugar plantation, and gave his notes
in part payment to B and C, who remained joint owners of the other
three-fourths, and when it was stipulated that B and C, the vendors,
should pay three-fourths of a mortgage which they had previously given
on the premises to the bank, and A pay the other fourth, and B and C
fail, so that the mortgaged premises are seized and sold to pay off the
mortgage : *Held,* that no recovery can be had against A by the vendors,
on his notes, there being a failure of the consideration.

A failure of the consideration of a promissory note, by the misconduct of
the payee, without the fault of the maker, will discharge the latter from
his obligation.

This is an action to recover the amount of three promissory
notes of one thousand dollars each, drawn by the defendant
Gustave Jumonville de Villier, payable to the order of
Charles François Coulon Jumonville de Villier. They were
given for the price of one-fourth of a small sugar plantation,
which the defendant purchased from Kernion and C. F. C.
Jumonville de Villier, by public act, dated the 8th of
March, 1832.

The plaintiff Kernion sues as syndic of his own creditors
to recover the amount of these notes.

The defendant admitted the execution of the notes, but
averred they were obtained through fraud and collusion, on
the part of the payee and holder. That they were given in part
payment of the one-fourth part of a sugar plantation which
he purchased from the said Kernion and Jumonville, who
falsely and fraudulently represented to him that they were
free from debt, whereas, after converting the crops to the
payment of their own debts, they suffered the plantation to
be seized and sold by the Consolidated Association Bank,
to pay a mortgage debt contracted before the sale to him.

EASTERN DIST.
June, 1835.

KERNION,
SYNDIC,
vs.
JUMONVILLE DE
VILLIER.

He avers the consideration of the note has failed, and prays judgment that the notes sued on be cancelled.

The evidence showed that the defendant purchased one-fourth of a sugar plantation from Kernion and Jumonville, who remained three-fourth owners, by notarial act, dated the 8th March, 1832. That at the time the plantation was mortgaged by the vendors to the Consolidated Association Bank for eight thousand three hundred and seventy dollars, which it was agreed should be paid by all the joint owners proportionably, the defendant paying one-fourth. Kernion and Coulon Jumonville were greatly embarrassed by old debts and failed entirely to pay their proportion of this mortgage, and no part of it being paid, the bank on the 2d October, 1833, had the property seized and sold under the mortgage for seven thousand five hundred and fifty dollars, payable one year thereafter, with eight per centum interest.

It was also in proof, that the vendors of the defendant were insolvent at the time of the sale, and wholly unable to comply with its conditions on their part.

The cause was submitted to a jury, who returned a verdict for the defendant, which was confirmed by the judgment of the court. The plaintiff appealed.

*J. Seghers,* for the plaintiff and appellant, contended that there was no fraud shown, but, on the contrary, the mortgage debt of the vendors to the bank was expressly made known to the defendant, who agreed to pay one-fourth of it, giving the notes sued on for the balance of the price of his purchase.

2. The verdict of the jury does not charge fraud, and the evidence upon which they acted certainly does not justify the verdict. The case should, therefore, be remanded.

3. A vendee cannot charge his vendor with a fraudulent concealment of a fact when the latter has furnished the means of knowing it. 2 *Martin, N. S.,* 619.

4. Fraud requires the strictest proof, and he who alleges it must fully establish it by proof. It does not suffice that the evidence renders it probable. 10 *Martin,* 436.

5. On a question of fraud if the court believe the verdict erroneous, the case will be remanded for a new trial. 11 *Martin*, 188. 6 *Louisiana Reports*, 697.

EASTERN DIST.
June, 1835.

KERNION,
SYNDIC,
*vs.*
JUMONVILLE DE
VILLIER.

*Nicholls*, for the defendant.

On a question of fraud the court will respect the verdict and the judgment of the inferior court. 3 *Martin, N. S.*, 22. *Ibid.*, 365.

2. The vendors of the defendant were insolvent at the time of sale, and inveigled him to embark his whole fortune in a sinking concern, they knowing themselves that they were so.

3. The consideration of the notes completely failed. The very property for which they were given, was taken to pay a mortgage debt of the vendors, three-fourths of which they had stipulated to pay, as one of the conditions of sale, and failed.

*Mathews, J.*, delivered the opinion of the court.

This suit is brought on three promissory notes, made by the defendant, payable to the order of C. F. Coulon Jumonville de Villier, and endorsed by him, &c., and are now in the hands of the plaintiff, as syndic of his own estate surrendered to his creditors.

The defendant pleaded a failure of the consideration for which the notes were given. The case was submitted to a jury, by whom a verdict was found for him; and judgment being thereon rendered, the plaintiff appealed.

It appears by the evidence of the case, that the notes in question were given in consideration of a purchase made by the defendant from the payee and endorser, as joint owners of a small sugar plantation, situated in the parish of Assumption, which was at the time of sale mortgaged to the Consolidated Association Bank, to secure the payment of a considerable sum of money. Under this mortgage the plantation was seized and sold, and the defendant consequently deprived of the enjoyment and property of the one-fourth part which he had purchased, without fault or neglect

*Where A purchased one-fourth of a sugar plantation, and gave his notes in part payment to B and C, who remained joint owners of the other three-fourths, and when it was stipulated that B and C, the vendors, should pay three-fourths of a mortgage, which they had previously given on the premises, to the Bank, and A pay the other fourth, and B and C fail, so that the mortgaged premises are seized and sold to pay off the mortgage : Held, that no recovery can be had against A by the vendors, on his notes, there being a failure of the consideration.*

EASTERN DIST.
June, 1835.

on his part; for although in the contract by which he became purchaser, he had assumed to pay one-fourth of the debt due by the mortgage to the bank, he could not have compelled the mortgage creditors to receive a part of the debt due to them; and such payment, even if it had been made, would not have prevented the seizure and sale which subsequently took place, unless the other joint owners of the plantation had also paid their proportions of the debt. It appears, also, from the *bilan* filed by the plaintiff, that he was largely indebted at the time of sale; and so was the payee of the notes, the other partner in the plantation, as shown by a schedule representing the state of his affairs. Under these circumstances which appear in the case, we are clearly of opinion, that the consideration for which the notes were given has failed, and that too by the misconduct or neglect of those for whose use and benefit they were made; consequently, the verdict and judgment of the court below are supported by the law and evidence of the case, the obligations of the promisor having become null, on account of the failure of the consideration on which his promises were made.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.