PETER CLEARY *v.* THE SECOND MUNICIPALITY OF NEW OR-
LEANS.

The obligation of the plaintiff in a *fi. fa.*, to refund to the purchaser on his eviction, the money received by the former, is merely statutory, (C. P. 711, *et seq.*;) and it cannot be extended further than to the reimbursement of the price paid by the purchaser, and received by the plaintiff, or which might have been received by him but for his own neglect ; but the purchaser may recover from the defendant in the execution, the whole sum paid by him. He is entitled to a joint action against both the parties to the execution—against the plaintiff, for the amount received by him, and against the defendant, for the whole sum paid.

APPEAL from the Commercial Court of New Orleans, *Watts,* J. *Lockett, Micou,* and *L. Peirce,* for the appellant.

*Rawle,* for the defendants.

MARTIN, J. The present defendants having instituted a suit against the unknown owners of a lot, for the expenses of the *banquettes* before it, and obtained judgment for $106, Cleary became the purchaser of it, at a Sheriff's sale, for $1700, and was evicted

by Hodge, the owner, on grounds not unlike those set forth in *Carmichael* v. *Aikin*, 13 La. 205. Although the judgment on which the lot was sold, was for $106 only, Cleary paid to the Marshal, the whole price for which it was adjudicated to him, and now seeks to recover it from the defendants, who were the plaintiffs in the original suit. There was judgment against them for $120, and the plaintiff has appealed. The defendants have prayed for a judgment in their favor.

The counsel for the plaintiff have contended that he was entitled to a judgment for the value of the lot, under the authority of the case of *Lambeth* v. *The Mayor et al.*, 6 La. 731.

It does not appear to us, that the First Judge erred, in expressing the opinion that the obligation of the plaintiff in a *fi. fa.*, to refund to the purchaser, on his eviction, the money which the former received, is merely statutory. Code of Practice, arts. 711, *et seq.* In the case last cited this court held, that his obligation went no farther. " The responsibility established by the Code of Practice against seizing creditors cannot be extended further than the reimbursement of the price paid by the purchaser, *and by them received.*" The counsel of the plaintiff and appellant have urged, that the code, art. 711, recognized in the purchaser, evicted from the thing adjudged to him on the ground that it belonged to another person than the party in whose hands it was taken, the right of " recourse for *reimbursement* against the seized debtor and the seizing creditor ; but upon the judgment obtained jointly for that purpose, he shall first take execution against the debtor, and upon the return of such execution, *no property found*, he may take out execution against the creditor." On this the counsel has strenuously urged, that the right of the purchaser *to be reim-* bursed, even against the plaintiff in the *fi. fa.*, extends to every thing which the former has paid ; and that he is entitled to a joint judgment against the plaintiff and defendant in the *fi. fa.*, although the execution of that joint judgment cannot be taken against the former, until one against the latter be returned, *nulla bona.* The counsel for the defendants and appellees has, on the contrary, contended, that the reimbursement which the code speaks of, is the reimbursement which each of the parties to the *fi. fa.*, is bound to make, *id est*, the plaintiff of what he has received, and the de-

fendant of what has been received by the plaintiff and him ; that the argument resulting from the code's speaking of a joint action, assumes the position, that in all such actions, the parties are liable for a virile portion of the judgment which is incurred ; for, the joint debtor who has paid his portion, must be made a party on account of the interest he has in the *repetition* of his payment, if the contract be disproved or annulled, though no judgment can be had against him. Civil Code, arts. 2081, 2082. He urges, that the purchaser is entitled to a joint action against both parties to the execution, *id est*, against the defendant for the whole sum paid by the purchaser, and against the plaintiff for that sum which he received. It was in this way that art. 711, of the Code of Practice was construed in the case cited, and we see no reason to be dissatisfied therewith.

It has not appeared to us, that the judgment appealed from ought to be amended in favor of the defendants and appellees, on the ground that they never received from the Marshal the $106, to which they were entitled*, and thus relieve them from the obligation of reimbursing that sum to the purchaser, by whom it was paid at their instance and request, and which they evidently failed to obtain through their own negligence and delay.

*Judgment affirmed.*

5r 249
f118 227

---

* It was admitted that the Municipality had never received any part of the funds made on the execution—not even the amount of their judgment.