## LOUISIANA STATE BANK v. DUMARTRAIT et al.

Where the death of an endorser is known, notice of protest, put into the post-office, addressed to the deceased, is insufficient; the notice should have been addressed to his executor. But, if the notice reached, or came to the knowledge of, the executor, notwithstanding its defective address, the succession would not be discharged. So a notice, under such circumstances, addressed to the deceased, if served on the executor, at his dwelling, is sufficient. Under the statute of 13th March, 1827, s. 1, the certificate of a notary that, a written notice of protest was served at the domicil of the endorser, in a village named in the certificate, is sufficient, though it do not state the person on whom the service was made.

APPEAL from the District Court of St. Martin, *Voorhies, J.*

*Magill,* for the plaintiffs.

*Simon,* for the appellants. The endorser was dead, and the notary knew it, since he served the notice at the domicil of the executor. Why then did he not address the notice to the executor himself, instead of addressing it to *a dead man?* The general rule is that, if the party be dead, notice should be given to his executor or administrator. Chitty on Bills, pp. 242 and 222. Notice should be addressed to the executor or administrator, and not to the deceased, when, as in this case, the holder of the note knows the name of such executor or administrator.

But, it will be said that, the notice was served at the domicil of the executor. It is true, the certificate says so; but is that sufficient to indicate that the executor got it? Served at the domicil! With whom was it left? and in what manner was it served? For aught that appears, it may have been handed over to a slave, and that would be bad. It may have been thrown in the yard, and there left, or picked up by a servant, or by a stranger. There is nothing certain as to the question whether it reached the executor, and the certificate should shew, at least, such facts as would enable the court to conclude that the party entitled to notice, must have received it in due time. Why was not the notary, or his witnesses, who accompanied him, called to prove the manner in which the service had been made *at the domicil* of the executors? Why did the plaintiff limit his evidence as to such service, to what is recited in the certificate? Undoubtedly because said service was defective, and would have been shewn to be so. I am aware that, in divers cases, the Supreme Court has decided that, a notice left *with a clerk in a store*, or *with a partner in the counting-room of a commercial house*, or *with a white servant in the endorser's house*, or *put on the counter in the endorser's store*, or *with a student in a lawyer's office*, was sufficient; but those cases are quite different from this. The manner in which the notice was served presented to the mind *a fact*, from which it was properly presumed that the notice reached the party. It has been also decided that, a notice left with a slave, is bad, 9 La., 334; and that a notice, stated in the notary's certificate to have been sent by an express, without naming him, is insufficient. *Duralde* v. *Guidry*, 5 N. S. 65. The word *domicil*, as we understand it under our laws, is too loose, for the purpose intended. It does not mean only the house in which the party lives, but according to the 42d article of the Civil Code, " the domicil of each citizen is in the parish wherein his principal establishment is selected." The word *domicil* is clearly insufficient to indicate where the notice was left.

The judgment of the court was pronounced by

EUSTIS, C. J. This is an action on a promissory note, against the executors of the endorsers, and the only point that has been raised by counsel is, as to the sufficiency of the notice to the defendant, *Pierre Gary*, one of the executors of the late *Louis Gary*.

The certificate of the notary states that, the notice was served, by means of a written notice addressed to the endorser, *L. Gary*, and served at the domicil of *P. Gary*, testamentary executor of *L. Gary*, at St. Martinsville.

There are two objections raised to the validity of the notice, thus certified to have been given. The first is, that the address was wrong, and that it ought to have been to the executor, and not to the deceased. Had the notice been put in the post-office, with this address, the succession of the deceased endorser would not have been bound by it, his death having been known at the time, according to the case of the *Cayuga Bank* v. *Burnett*, 5 Hill's Rep. 238. But, if the notice reached, or came to the knowledge of, the executor, notwithstanding the defective direction, it seems to us clear that the succession would not be discharged for want of notice.

The notice was served at the domicil of the executor, in St. Martinsville; and the second objection is, that the certificate is defective, and does not establish that a valid notice was given, because it does not state the manner in which the service was made, nor with whom the paper was left; and that the word domicil is too loose and indefinite, to fix the place at which the service was made.

The act of 1827, by which the certificates of notaries were made evidence against endorsers of the service of notices' of protest, has been frequently the subject of adjudication, in cases arising under it; and the decisions of our courts, on the duties of notaries, under the act, have been followed by them as rules of conduct. We think these decisions conclusive on the point raised in this case. On the authority of the cases quoted by counsel—and, we believe, that there are some recent decisions to the same effect—we think the certificate of the notary is sufficient, without stating the person on whom the service was made. *Franklin* v. *Verbois*, 6 La. 731. *Commercial Bank* v. *Gove*, 15 Ib., 114. *Bank of Louisiana*, v. *Mansker*, Ib. 115, we think the word *domicil*, in the connection in which it stands in the certificate, to wit, the domicil of *P. Gary, in St. Martinsville*, is sufficiently definite. It means, in common parlance, his habitual residence in that village; and, whether taken in its popular, or strictly legal sense, a notice of protest served there, is well served.

*Judgment affirmed.*