## MARTHA CLARK v. JAMES O'NEAL.

The neglect of the vendee to have the act of sale recorded whereby a creditor of the vendor is enabled to attach the property and have it sold for his debt, does not release the vendor from his obligation of warranty.

APPEAL from the District Court of the Parish of Caddo, *Creswell*, J.

*Landrum & Williamson*, for plaintiff. *Land & Winans* and *Hodge & Austin*, for defendant and appellant.

MERRICK, C. J. This suit is brought upon two promissory notes given as the price of a tract of land. The defence to the action is the failure of consideration. It appears that in March, 1849, the plaintiff sold the defendant the land by an act under private signature. The act of sale not having been recorded in November, 1850, one *Robert Burns* instituted a suit by attachment against the plaintiff, before a Justice of the Peace in the parish of De Soto, where the land is situated. After the return of citation and attachment was made, showing that they had been served, judgment was rendered against the defendant in that suit. Execution having issued on the judgment, directed to the Sheriff, he seized the tract of land as. the property of *Mrs. Clark*, and after advertising the sale, sold it for the sum of $75 cash.

In regard to the judgment, it does not appear that *Mrs. Clark* ever made any effort to have it set aside, or even took an appeal from it. It acquired the force of the thing adjudged, and must be held to have been rendered in conformity to law and for a just debt. As between herself and *Burns*, it was her duty to pay the debt ; to acquit and discharge her obligation resulting from her debt, and the judgment of the court and the law. Instead of fulfilling her obligation in this respect, she suffered the property which she had sold, and which she had covenanted to warrant and defend, to be seized to pay her debt. The record does not show that she made any effort to relieve the property or even to substitute the promissory notes given as the price (and which she still held), in the place of the seizure of the land.

The mere fact that the vendee had neglected to record the act of sale did not release the plaintiff from her obligation to warrant the title. The unregistered act has its full force between the contracting parties, so much so, that a second sale of the same property to a third party is viewed as a fraudulent act. C. C. 2417 ; Rev. Stat. 453.

The sale being valid between the parties, and having force as such, the rules of law in regard to warranty, have their application.

The seller is bound to deliver and warrant the thing which he sells. C. C. 2450. The warranty respects the buyer's peaceable possession of the thing sold (C. C. 2451) and the vendor warrants the buyer against the eviction of the whole or a part of the same. C. C. 2477.

The proof shows that the defendant has violated this obligation by a neglect of her own duties, and she has suffered the property to be sold for her own debt, and thus has she been instrumental in evicting her own vendee, and thus has she bound herself to maintain the *new vendee* in possession. C. P. 711, 712, 713 ; 6 La. 737.

But it is said that Art. 2478 C. C. exempts the defendant from this sort of

eviction. This Article, it is true, declares that in order that the warranty should have existence, the right of the person evicting should exist before the sale. But this evidently applies to some right acquired of persons other than the vendor himself. The last paragraph of the Article says : " If, therefore, this right before the sale was only imperfect and is afterwards perfected by the *negligence* of the *buyer*, he has no claim for warranty." Now an example or two will at once show that the Article has no application to the acts and omissions of duty of the *vendor*. Take this case : A sells a tract of land to B for $10,000, B, having the utmost confidence in A's integrity, omits or is prevented from recording his act of sale. Thereupon A sells the same land to C, an innocent purchaser, for $11,000, and C records his title. C sues B to recover the land. B cites A in warranty. A defends the demand of B in warranty on the ground, that C's right did not exist at the date of the sale, and cites the Article 2478 in support of his position. Will it avail him ? Again, D sells E a tract of land for $10,000, but before the act is recorded, a recent judgment creditor of D seizes the land and sells the same and pays a debt of D's of $10,000. Is E to lose his money ? It is apparent to every one how these questions must be answered. We think, therefore, that the obligation of warranty continued upon the plaintiff, although the act of sale was not recorded, and that the defendant has a valid defence to the notes, both under the Civil Code and the commercial law. 8 La. 547.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant, and against the demand of the plaintiff; and that the plaintiff pay the costs of both courts.

SPOFFORD, J., took no part in the decision of this case.