289 So.2d 891 (1974)
REPUBLIC FINANCE OF GRAMERCY, INC.
v.
Chester B. DAVIS.
No. 5680.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1974.
Rodney J. Madere, New Orleans, for plaintiff-appellee.
A. Gordon Grant, Jr. of Montgomery, Barnett, Brown & Read, New Orleans, for defendant-appellant.
Before STOULIG, J., and MALIK and MARINO, JJ. Pro Tem.
THOMAS J. MALIK, Judge Pro Tem.
The record of this case discloses that on May 10, 1971, defendant, Chester B. Davis, petitioned the United States District Court *892 for the Western District of Louisiana seeking to be adjudicated a bankrupt. Prior to that time Mr. Davis had executed a promissory note secured by a chattel mortgage on various furniture and household appliances in favor of Republic Finance of Gramercy, Inc., the plaintiff in this action. That note was originally executed on April 8, 1969.
After the institution of the bankruptcy action a Proof of Claim in Bankruptcy was duly filed by the plaintiff. Plaintiff, Republic Finance petitioned to be recognized as a secured creditor which the trustee opposed. Following a hearing on August 12, 1971 the opposition was withdrawn and the defendant was adjudicated bankrupt.
Defendant, relying on certain representations made to him by plaintiff's representative signed a second note which forms the basis of this action on May 31, 1971. The consideration for this note was the immediate, unqualified and unrestricted right of possession of furniture and appliances which would enable the defendant to take these items with him on an anticipated move to New Orleans. On June 5, 1971, as defendant and his family were packing their personal belongings to leave Alexandria and come to New Orleans, the evidence shows that the Trustee in bankruptcy arrived at their home with a truck and took possession of the furniture and appliances which were subject to the chattel mortgage in favor of Republic Finance of Gramercy, Inc., dated April 8, 1969. These were the same items which the plaintiff apparently advised the defendant were disclaimed in favor of the plaintiff on May 31, 1971.
To find for the plaintiff it becomes necessary to consider the sufficiency of consideration for the note signed May 31, 1971, not whether or not fraud was committed, obscures and does not confront the central question, namely, was there a failure of consideration for execution of the note signed May 31, 1971.
Appellee has argued that where consideration is expressed in a promissory note, the obligor has the burden of showing want or failure of consideration, and that there is a moral obligation to repay a debt discharged in bankruptcy and this obligation is sufficient consideration for a promise to pay said debt. We cannot find a presumption of consideration under the facts of this case, and such finding is necessary if a party is to rely on an expressed consideration, see Jaccuzzo v. Fabregas, La.App., 12 So.2d 16. Further, if appellee took the position of safety behind the moral obligation theory, why then did they seek a second note? We must reject this argument.
We further observe that there can only be one primary consideration and we believe that that consideration was the furniture, not a so called moral obligation. Once the defendant lost his furniture; there was no consideration.
In the opinion of this Court the consideration for the defendant's execution of the note was the right to immediate, unqualified possession of the furniture and household appliances. From the record, it is abundantly clear that the defendant was prevented from doing this even after he executed the note. In these circumstances, it is manifest that there was a complete failure of consideration for the execution of this note.
It is well settled that failure of consideration constitutes a valid defense to an action by the payee against the maker of a note. Neubauer v. Thiac, La.App., 264 So.2d 293, Kernion v. Jumonville de Villier, 8 La. 547 (1835). The original payee of the note is not a holder in due course. Beneficial Finance Company v. Bienemy, La.App., 244 So.2d 275.
The record is totally void of any evidence that the defendant was induced to sign this note for the purpose of acknowledging a pre-existing debt. Rather, the testimony of all witnesses, including the plaintiff's irrefutably establishes the fact that the only reason the defendant executed *893 the note in question was because he had been contacted by the plaintiff and had been led to believe that by executing this note he would be entitled to immediate, unqualified possession of his furniture and would be able to take it with him when he moved his family to New Orleans.
The case of X-L Finance Co., Inc. v. Gregoir, La.App., 217 So.2d 463, furnishes the rule applicable to this case. In that case the court held that the mere fact that a new note had been executed by a defendant previously discharged in bankruptcy was not dispositive of the question of the sufficiency of consideration for the second note. The actual circumstances surrounding the execution of the second note must demonstrate that the prior debt was the principal consideration for the second note. If the facts show otherwise, failure of consideration is a valid defense to a suit on the second note.
The rationale of the X-L Finance case is consistent with earlier cases holding that a promise to pay a debt previously discharged in bankruptcy must be direct, clear and definite. See Irwin v. Hunnewell, 207 La. 422, 21 So.2d 485 (1945); Bartlett v. Peck, 5 La.Ann. 669 (1850); Linton v. Stanton, 4 La.Ann. 401 (1849).
It appears that the trial court was most concerned with treating the defense of fraud as it may have related to this transaction. The court found that the plaintiff did not have any knowledge that the defendant's furniture and appliances would be held by the trustee in bankruptcy at the time this note was executed. Accordingly, the court held that the defendant failed to carry the burden of proving fraud. Although this reasoning by the court may well be correct in disposing of the issue of fraud, it is apparent that the court realized that the furniture and appliances in question were held by the trustee in bankruptcy and as a result could not be taken by the defendant when he moved his family to New Orleans. This should have been considered with regard to the defense of failure of consideration and in light of defendant's reason or motivation for executing the note. It was not, and the trial court therefore committed error.
For the foregoing reasons, the decision of the trial court is reversed and the petition of the plaintiff-appellee is dismissed at its cost.
Reversed.