SMITH, Judge.
Suit was brought by Maxwell Motors, Inc. for the balance due on a note executed by defendant Harold Tolar on January 25, 1973 in the amount of $1,260 payable in 18 monthly installments of $70 each. Judgment was rendered in favor of plaintiff for $1,260 with 8% interest from maturity until paid and a sum equal to 25% of the principal and interest as attorney’s fees. Defendant perfected a devolutive appeal to this court. We affirm the judgment of the trial court.
Defendant purchased an automobile from plaintiff in 1972. A note was executed by defendant at that time for the balance of the purchase price and finance charges. Some time after that purchase defendant became unable to meet his financial obligations. In the latter part of 1972 defendant filed a petition in bankruptcy and was subsequently discharged from the obligation on the original indebtedness due plaintiff pursuant to an adjudication in bankruptcy.
On January 25, 1973 defendant executed a new note in the sum of $1,260. As security, he executed a chattel mortgage on the automobile which was still in his possession.[1] The plaintiff has abandoned his attempt to enforce the mortgage after admitting informalities in its execution.
It is defendant’s contention that the note is void because of a failure of consideration. There is no merit to this contention.
Article 1757(2) of the Louisiana Civil Code defines a natural obligation as “one which can not be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice.” It is a well established principle of law that a discharge in bankruptcy does not extinguish or cancel the discharged debt, but merely serves as a bar to the legal enforcement thereof. Palmer v. Moore, 3 La.Ann. 208 (1848); Ludeling v. Felton, 29 La.Ann. 719 (1877); O’Neill v. D. H. Holmes Company, Ltd., 232 So.2d 849 (La.App. 4th Cir. 1970).
LSA-C.C. Art. 1759 provides:
“Art. 1759. Although natural obligations can not be enforced by action, they have the following effect [effects]:

“2. A natural obligation is a sufficient consideration for a new contract.”
We, therefore, hold that the execution of the note by Tolar, payable in a specified manner, is a legally enforceable obligation, the cause for which is the previous indebtedness owed to Maxwell Motors, Inc. Although he had been afforded a defense to the enforcement of that previous obligation, the natural obligation remained, and, having elected to revive it by signing the note, he is once again legally responsible for the balance due.
For the foregoing reasons, the judgment of the lower court is affirmed. Costs are assessed to appellant.
Affirmed.

. Defendant’s maintaining possession of the automobile distinguishes the instant ease from those cases holding that where the debtor no longer has possession of the thing for which the debt was incurred but nevertheless executes a new note, there is a failure of consideration. See, e. g., Republic Finance of Gramercy, Inc. v. Davis, 289 So.2d 891 (La.App., 4th Cir. 1974), consideration was possession of furniture; Shreveport Auto Finance Corp. v. Harrington, 113 So.2d 476 (La.App., 2d Cir. 1959), judgment on the new note impermissible where creditor provoked sale without appraisement.