GAUDIN, Judge.
The National Bank of Commerce in Jefferson Parish filed suit on two promissory notes and obtained judgment in the 24th Judicial District Court against Charles Bowles. We affirm.
Bowles originally executed one note and endorsed another prior to filing for bankruptcy on April 20, 1982. He did not list the bank as a creditor. The first meeting of the named creditors was on June 10, 1982; and on September 3, 1982, Bowles was discharged.
On May 21, 1982 and on July 6, 1982, new notes were signed, the ones sued-on herein, replacing the ones executed before the bankruptcy petition was filed.
On appeal, Bowles contends that although the bank was not listed as a creditor in his bankruptcy petition, the bank had knowledge of the bankruptcy proceedings. Accordingly, his debts to the bank were discharged.
Bowles further argues (1) that there was no valid consideration for the new notes and (2) that a discharged debt requires court approval for reaffirmation, which was not accomplished in this case.
Appellant relies initially on Eagle Finance Corporation v. Duhon, 216 So.2d 367 (La.App. 3rd Cir.1968), in which the' court stated:
“Our jurisprudence is established that even though a debt is not scheduled in the bankruptcy proceedings, it is nevertheless discharged where the creditor had actual knowledge of the bankruptcy proceedings in time to prove his claim and participate equally with the other creditors...”
It was stipulated in the present matter that the bank had actual knowledge of Bowles’ bankruptcy petition. However, unlike the defendant in Eagle Finance, Bowles signed new notes after filing for bankruptcy thus activating LSA-C.C. Arts. 1757[1] and 1759.[2] Art. 1757 describes a natural obligation as “... one which cannot be enforced by action, but which is binding on the party who makes it, in conscience and according to natural justice.” If the original notes were erased by Bowles’ bankruptcy, the debts became immune to legal enforcement but nonetheless remained due “... in conscience and accordingly to natural justice.”
Art. 1759 acknowledges the fact that while natural obligations can’t be sued on, they have the following effect:
“A natural obligation is a sufficient consideration for a new contract.”
Thus, when appellant signed the second set of notes, there was consideration. See also Irwin v. flunnewell, 207 La. 422, 21 So.2d 485 (1945), wherein the Supreme Court quoted Art. 1759 although dismissing the plaintiff’s suit because the defendant’s promise to pay a discharged debt was neither direct nor definite. The new promise to pay must be clear and unambiguous.
Here, it is unmistakable that the second notes precisely replaced the earlier ones and Bowles once again became obligated to pay, if in fact he was temporarily excused from paying by the filing in bankruptcy.
In Maxwell Motors, Inc. v. Tolar, 330 So.2d 334 (La.App. 2nd Cir.1976), the defendant signed a note, went bankrupt and then executed a successor note. The Second Circuit stated:
“We ... hold that the execution of the (new) note by Tolar, payable in a specified manner, is a legally enforceable obligation, the cause for which is the previous indebtedness owed Maxwell Motors, Inc. Although he had been afforded a defense to the enforcement of that previous obligation, the natural obligation remained, and, having elected to revive it by signing the note, he is once again legally responsible for the balance due.”
In denying writs at 333 So.2d 247 (La. 1976), the Supreme Court of Louisiana said:
“On the facts found, the result is correct.”
*76 Bowles’ final contention is that the second set of notes required reacknow-ledgement in accord with the federal Bankruptcy Act, particularly 11 U.S.C.A. Sec. 524(c). Bowles’ new notes were not consumer debts not secured by real property, and therefore bankruptcy court approval was unnecessary. Bowles signed the second set of notes after filing for bankruptcy and before discharge, and at no time did he exercise his statutory right to rescind the new agreements to pay.
For these reasons, we affirm the district court judgment in favor of the National Bank of Commerce in Jefferson Parish against Charles Bowles, with appellant to bear all costs.
AFFIRMED.

. Art. 1757 reenacted to Art. 1760 in 1984.

. Art. 1759 reenacted to Art. 1761 in 1984.