### BANKSTON BROS. v. MORRISON.

No. 2021.

Court of Appeal of Louisiana. First Circuit. June 30, 1939.

ment against a practicing attorney at law. The gist of the petition is that the plaintiff firm had engaged the services of the defendant attorney to undertake the collection of a note due them by one Charles Patterson; that the defendant, in carrying out his engagement, had filed suit against their debtor and obtained judgment against him; had subsequently taken garnishment process against their said debtor's employer as a result of which an agreement was reached under which the amount of the judgment was paid through the said employer to the defendant and that the latter has made various remittances but not the full amount he should have made even considering the full allowance made for his fee which had been agreed upon. In addition, plaintiffs allege that $36.75 collected by defendant from the judgment debtor was for costs of court incurred which they are entitled to recover without any deductions and also the proportionate share of $35 which they had advanced to him as expenses in connection with the collection of six notes among which was included the one involved in this proceeding. The total amount of the demand is $200.41 of which $163.66 is for the balance due on the collections made plus the proportionate share of the expenses referred to and $36.75 is for the costs of court collected in addition to the amount of the judgment.

To the petition of plaintiffs the defendant filed five exceptions, all of which were sustained by the district judge and the suit was dismissed. From that judgment this appeal was taken.

In this court, defendant apparently has abandoned one of the exceptions sustained by the district judge but he has substituted it with another, an exception of no cause of action.

The exceptions filed below were listed in one pleading in the following order: (1) That the plaintiffs could not maintain this suit "for lack of procedural capacity"; (2) that the petition states no right of action in the plaintiff; (3) that the petition is so vague and indeterminate that it cannot safely be pleaded to; (4) that the matter involved in the suit has been settled in a prior proceeding and is therefore res adjudicata; and (5) that the petition contains an improper cumulation of actions.

It is the exception of res adjudicata listed under No. 4 which defendant has abandoned and necessarily the judgment appeal-

Clay Elliott, of Amite, for appellant.

Morrison & Sims and C. Paul Phelps, all of Hammond, for appellee.

LeBLANC, Judge.

This is a suit brought in the name of a commercial partnership for a monied judg-

ed from insofar as it sustained that exception must be reversed and the exception overruled.

The exception listed as No. 1 and styled one "for lack of procedural capacity" is an exception aimed at the capacity of the plaintiff partnership to maintain this suit in the manner in which it is brought. The contention made under this exception is that suits brought by a partnership should be presented in the firm's name and as appearing through and represented by all the members composing the partnership. That is undoubtedly correct and that is exactly the manner in which the present suit has been brought as appears from the following language quoted from the petition in which the capacity of the plaintiff is stated: "The petition of Bankston Brothers, a mercantile firm composed of William H. Bankston and Warren N. Bankston domiciled and doing business at Tickfaw in the Parish of Tangipahoa, State of Louisiana, shows with respect." In support of this exception counsel for defendant refers the court to the case of Wolf et al. v. New Orleans Tailor-Made Pants Co., Ltd., et al., 52 La.Ann. 1357, 27 So. 893, in which a suit intended to be brought in the name of the partnership was dismissed because the petition was improperly addressed to the court in the name of the individuals said to be conducting a commercial business under the firm name of B. J. Wolf and Sons, instead of being addressed in the name of the partnership firm as composed of those individuals. The petition in the present case is brought in the very form which as suggested in the cited case it should have been, and that case, as we view it, is authority in support of the petition itself and not of the exception which was improperly sustained below and which we find ourselves now constrained to overrule.

The exception listed as No. 2 is that of no right of action. As we understand the contention made thereunder it is that the suit, as defendant maintains, being improperly brought in the names of the individuals composing the firm, they have no real interest in pursuing the action, the only interest being that of the firm, and therefore they are without right to maintain it. It strikes us that is in effect just another way of presenting the same contention as was made under the first exception and in view of our holding on that exception it fol-lows that this exception was also improperly sustained and will have to be overruled.

The third exception listed is one of vagueness. This dilatory exception, it is to be noted, was pleaded after the peremptory exception of no right of action, and none of the exceptions are pleaded in the alternative. There arises then a question whether as a dilatory exception which only tends to retard the progress of the suit, it can be considered after a peremptory exception which strikes at the right of the plaintiff firm to maintain the suit has been disposed of. Besides, the exception itself does not state in what particulars the petition is vague and indeterminate as complained of in the plea. "The party who relies on an exception dilatory in its nature, although arising from the force of the proceeding, must specially plead his exception and point out the particular defect upon which he relies." Scott, Carhart & Co. v. Jackson et al., 12 La.Ann. 640. The reason for this rule is that an exception of vagueness should not be permitted to effect a dismissal of the suit; on the contrary the plaintiff against whom it is urged should be informed by it of the defects or shortcomings complained of in his petition so that he can have the opportunity of correcting and amending the same even without a hearing on the exception if he becomes satisfied that he should do so. If therefore the ruling of the lower court on this exception was intended to bring about the dismissal of the suit, it was certainly erroneous and will have to be reversed.

The exception listed under No. 5 to the effect that there is an improper cumulation of actions in the petition relates to the demand made for a proportionate return of the amount advanced to the defendant for expenses in connection with the collection of six items including the one involved in this suit, which it is urged is inconsistent with the demand for the amount due on the collection itself which it is alleged was made and not remitted. We see nothing inconsistent between the two demands as the pro rata of expenses claimed is incidental and relates to that part of those expenses advanced in connection with the collections made on the note involved in the present suit and which was one of the six items referred to in the petition having connection with these expenses. This exception, we find, also was improperly sustained below and will have to be overruled.

■ The exception of no cause of action filed in this court is based on the proposition that the proper remedy, should plaintiffs have any, would be an action for an accounting between them and the defendant and that in pursuing this action in the form in which it is presented, they have mistaken their remedy.

In our opinion, whether plaintiffs had a cause of action for an accounting or not is immaterial provided they have properly stated a cause of action in the manner and form in which they have chosen to present it to the court. They are suing the defendant for a monied judgment for certain sums collected by him for their account and for expenses advanced to him, and for which he has failed to remit despite amicable demand. In their petition they allege the employment of the defendant, the work performed by him in obtaining judgment for them, the agreement under which the collection was to be made and under which the judgment was paid. They set out such remittances as were made by him as well as they could, the fee arrangement had with him, the manner in which they claim a return of a pro rata of the expense money advanced, and on defendant's failure to have remitted to them the full amount they allege is due they ask for judgment against him. Clearly in our opinion a cause of action has been stated and we find no merit in the exception.

■ Reference is made to the fact that in argument counsel for plaintiff stated that his clients also had a right to proceed against the defendant under Section 119 of the Revised Statute, 1870. It is pointed out that this is a penal statute and does not give rise to a civil action. But if the remedy provided under that statute is not invoked against him in the pleadings in this suit, defendant can not be heard to complain in that respect.

For the reasons stated it is now ordered, adjudged and decreed that the exception of no cause of action filed in this court be and the same is hereby overruled and it is further ordered that the judgment appealed from be and the same is hereby reversed, set aside and annulled, that all of the exceptions which had been sustained by the said judgment be and the same are hereby overruled and that this case be remanded to the district court for further trial and proceedings according to law. It is further ordered that the defendant pay all costs.