LOTTINGER, Judge.
This is a suit by Credit Industrial Company against Jack Jewell alleging that defendant is indebted unto petitioner in the sum of $840, represented by three trade acceptances in the sum of $280 each. From judgment below in favor of petitioner, the defendant has taken this appeal.
The trade acceptances were issued by defendant to Sterling Materials Company, Inc., on March 16, 1950. They were issued in payment of a certain quantity of. Asbeso-line, a brand of water-proofing material, which by contract between defendant and Sterling Materials Company, were to be shipped to defendant. As part of the contract, the seller undertook certain obligations, one of which was to supply defendant with a representative, at the factory’s expense, in order to solicit sales of the material and to instruct purchasers in the sale and application of the material. On March 27th, 1950, according to deposition of Samuel S. Salitan, a partner in the petitioner firm, the trade acceptances were negotiated to petitioner by Sterling Materials Company. The material was shipped to defendant and proved defective. The defendant refused to pay the trade acceptances, and this suit resulted.
Defendant filed certain exceptions to petitioner’s petition, all of which were overruled. On .trial- of the merits, judgment was rendered in favor of petitioner in the full amount of -their claim, and defendant has taken this appeal. ■
The first exception filed by defendant was that of vagueness. This exception is based upon the fact that the petition sets forth that petitioner is a “financial partnership”. Defendant claims that such is unknown under the law of Louisiana, and that the petition should set forth the legal status so as to determine whether it is able to sue in the courts of our state.
In its written opinion, the lower court said: “In 40 Am.Jur., Partnership, Sections 11 and 12, we find partnerships divided generally into two classes: commercial or trading partnerships on the one hand, and noncommercial, nontrading or ordinary partnerships on the other hand. What it does classifies it — if it buys and sells even as a mere incident of its business it is a commercial or trading partnership. Here the partnership alleges that it bought, and while there is no allegation of selling, there is a suit to enforce collection. Clearly the plaintiff is a trading or commercial partnership, and the word ‘financial’ as used in the petition is surplusage. It follows, therefore, that the legal status and the rights and liabilities of plaintiff partnership are those common to trading or commercial partnerships, and it would not seem possible that any amendatory, allegation could add to or take from its status as such.”
We believe that the lower court was correct in its conclusions. The petition, taken as a whole, shows that the petitioner was a commercial partnership. Use of the term “Financial Partnership”, which we assume is a New York term, would not defeat the clear intent and purpose of the petition.
The exception of vagueness is further aimed at a provision in each of the three trade acceptances reading as follows : “The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer.” Defendant claims that such provision renders the instruments non-negotiable. Such provision would not be such as to make the instruments conditional obligations, as is claimed by defendant, and, thereby, render the in *241 struments non-negotiable. In disposing of this objection, the lower court cited 7 Am. Jur., Bills and Notes, Section 223, as follows: “Trade acceptances.—In the modern commercial world, trade acceptances are fast becoming an important form of contract, ranking with notes, checks, drafts, and other mediums of trade. The fact that an acceptance contains matter other than an order for the payment of money does not, in itself, render it non-negotiable.” (Citing McCornick & Company v. Gem State Oil & Products Company [38 Idaho 470] 222 P. 286, 34 A.L.R. 867) “But if, by such matter, the obligation of the instrument becomes conditional, it is rendered non-negotiable.” Citing Westlake Mercantile Finance Corporation v. Merritt, [204 Cal. 673], 269 P. 620, 61 A.L.R. 811.
According to LSA-R.S. 7:3, a statement of the transaction which gives rise to the instrument does not render the instrument non-negotiable'. We, therefore, are of the opinion that the lower court was correct in its conclusions on the subject.
A further objection raised by the defendant was that the petition failed to itemize the goods purchased and to allege whether the goods were delivered and accepted and if so, when. Considering that petitioner was a holder in good faith and was not a party to the transaction between defendant and Sterling Materials Company, we find no basis for requiring petitioner to give the details of the transaction out of which the trade acceptances were issued. These details are peculiarly within the knowledge of defendant and Sterling Materials Company. Furthermore, petitioner is suing on the trade acceptances themselves, and has alleged himself to be a holder in due course. We, therefore, feel that the lower court was correct in overruling this objection.
Another exception filed by defendant was to the procedural capacity of petitioner. This exception is based on the allegation that the suit was not brought as a partnership, in the name of the partnership and as appearing through and represented by all of the partners composing the partnership, giving their full names and residences in the petition. Defendant objects to the use of the following language in the petition: “The petition of Credit Industrial Company, a financial partnership, composed of Samuel S. Saliten and David Little, domiciled and doing business in the County of New York, New York, with respect represents * * *.”
The above wording is, for all intents and purposes, the same as that objected to in Bankston Bros. v. Morrison, La.App., 190 So. 195, 197, where the wording was as follows: “The petition of Bankston Brothers, a mercantile firm composed of William H. Bankston and Warren N. Bankston domiciled and doing business at Tickfaw in the Parish of Tangipahoa, State of Louisiana, shows with respect. * * * ”
In the present case, the defendant cites Wolf v. New Orleans Tailor Made Pants Co., Ltd., 52 La.Ann. 1357, 27 So. 893, in support of its exception. The same case was cited in Bankston Bros. v. Morrison, and in that instance the court said: “In support of this exception counsel for defendant refers the court to the case of Wolf et al. v. New Orleans Tailor-Made Pants Co., Ltd., et al., 52 La.Ann. 1357, 27 So. 893, in which a suit intended to be brought in the name of the partnership was dismissed because the petition was improperly addressed tp the court in the name of the individuals said to be conducting a commercial business under the firm name of B. J. Wolf and Sons instead of being addressed in the name of the partnership firm as composed of those individuals. The petition in the present case is brought in the very form which as suggested in the cited case it should have been, and that case, as we view it, is authority in support of the petition itself and not of the exception which was improperly sustained below and which we find ourselves now constrained to overrule.”
In view of the above we find no error in the conclusion of the lower court relative to defendant’s exception to the procedural capacity of petitioner.
On the trial of the merits, defendant sought to show that petitioner was not a holder in good faith. He attempted to *242 show that there was collusion between petitioner and Sterling Materials Company in order to defraud defendant. He alleged that petitioner and Sterling Materials Company were owned, or controlled by the same parties, and that petitioner was well aware of the lack, or failure, of consideration at the time they accepted the trade acceptances. We believe that the defendant has utterly failed in his attempt. By deposition of Samuel S. Salitan, one of the partners in the petitioner firm, it was shown that neither of the partners had any interest whatsoever in Sterling Materials Company. It was further shown that neither of the partners were aware of the failure, or lack, of consideration for the trade acceptances, at the time of negotiation of same. In the absence of any evidence whatsoever to the contrary, we are compelled to accept said deposition as correct.
Defendant further invokes the principle that once the defendant proves a failure of consideration of a negotiable instrument between the original holders and maker, that the burden immediately shifts to the alleged holder in due course to prove he is a holder in due course before maturity in good faith and for valuable consideration before recovery can be had. The deposition of Mr. Salitan shows that a check was given Sterling Materials Company for the trade acceptances. The deposition further shows that the negotiation was made on March 27, 1950, well before the date of maturity of the first maturing trade acceptance. As stated above, the deposition shows that the petitioner was not aware of any failure, or lack, of consideration at the time of the negotiation. The only evidence introduced to the contrary were letters of defendant dated May 8, 1950, and June 5, 1950, notifying petitioner that Sterling Materials Company had failed to comply with their agreement, and refusing to pay the obligation under the trade acceptances. These letters were written sometime after the date of negotiation of the trade acceptances, and do not, in any way, show knowledge on the part of petitioner at the time of the negotiation. While we believe that defendant has successfully undertaken his burden of showing lack, or failure, of consideration, we also believe that petitioner has successfully undertaken -his burden of showing good faith, and has proven same. We therefore have no alternative but to affirm the judgment of the lower court.
For the reasons assigned, the judgment of the lower court is affirmed at defendant’s cost.
Judgment affirmed.