SAMUEL, Judge.
Plaintiff, Jefferson Bank and Trust Company, filed this suit against the defendant, Christos G. Stamatiou, to recover on a promissory note made by defendant and assigned to plaintiff by Key Dodge, Inc. together with a contract of sale and chattel mortgage securing the note.
Defendant answered and filed a recon-ventional demand against plaintiff alleging the vehicle for which he gave the note sued upon was defective[1] and that the plaintiff bank, under federal regulations discussed below, took his note subject to his defenses against Key Dodge, Inc.
Plaintiff filed an exception of no cause of action to defendant’s reconventional demand on the theory that the regulations *1186 relied upon by defendant did not apply to non-consumer transactions. After a hearing thereon, the exception was maintained and the reconventional demand was dismissed. The defendant has appealed from that judgment.
The vehicle involved was a tow truck used in defendant’s business. His assertion that plaintiff does not occupy the status of a holder in due course is predicated on a regulation by the Federal Trade Commission [2] which, in substance, provides that in certain sale transactions in which credit is arranged or prearranged by the seller with a lending institution the lender takes the resulting commercial paper subject to any defenses the purchaser may have against the seller. In such transactions, the commercial paper must contain, as it does in this case, the following statement:
“ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.”
The bank’s position is that, even though the quoted language is contained in the contract, it is nevertheless not subject to the claims and defenses available to defendant against Key Dodge because the transaction is not a consumer transaction.[3] Relying on pre-regulation authority holding that a bank or finance company which has purchased a buyer’s promissory note from an automobile dealer is a holder in due course and therefore is not subject to a defense based on redhibitory vices or defects of the purchased vehicle even though the buyer may have such a valid cause of action against the dealer,[4] the bank argues it is a holder in due course pursuant to R.S. 10:3-302 because it took the note for value, in good faith, and without notice of any defense against it.
We are satisfied from the pleadings that the bank is a holder in due course and that, absent the statement contained in the commercial paper and quoted above, the redhi-bitory action is not available to the defendant against the bank. However, defendant’s position is that even if the transaction was not a consumer transaction the bank is nevertheless bound by the wording of the contract, as set forth in the notice placed therein pursuant to the Federal Trade Commission’s regulation, and the bank took the note and mortgage subject to notice of a defense against the note and is not a holder in due course under R.S. 10:3-302. In effect, defendant relies on the legal maxim that a contract is the law between the. parties, and maintains the position that because the contract says it is a consumer transaction the bank took the note subject to defenses against the seller even though it was not in fact a consumer transaction.
The defendant does not contend the purchase of a tow truck for the use in his business resulted in a “consumer transaction”. The mere fact that Key Dodge, Inc. used a form contract containing language mandated by the Federal Trade Commission for consumer transactions did not change the essence or nature of the underlying contract. Civil Code Article 1762 provides:
“The contract must not be confounded with the instrument in writing by which it is witnessed. The contract may subsist, although the written act may, for some defect, be declared void; and the written act may be good and authentic, although the contract it witnesses be illegal. The contract itself is only void for some cause or defect determined by law.” LSA-C.C. Art. 1762.
*1187 Equally important, the wording of the notice in the contract itself clearly indicates the Federal Trade Commission intended such notice to apply only to consumer transactions. The notice says: “Any holder of this Consumer Credit Contract . . it does not say “Any holder of this contract”.
Finally, the regulation in question, promulgated administratively by non-elected officials and imposed on Louisiana law unilaterally by another government, is both penal in nature and harsh in consequence. Because it is in derogation of previously established legal rights, it should not be given effect beyond its literal meaning.
Nothing contained in this opinion should be construed in any manner as a comment by this court on the merits of the defendant’s third party demand against Key Dodge, Inc. for redhibition.
For the reasons assigned, the judgment appealed from is affirmed, and the matter is remanded to the trial court for further proceedings in accordance with law.

AFFIRMED AND REMANDED.

LEMMON, J., dissents with written reasons.

. A redhibitory defect which rendered it “totally unsuitable for the purpose for which” it was intended. Defendant also filed a third party demand against Key Dodge, Inc. seeking rescission of the contract by which he purchased the vehicle.

. 16 C.F.R. 433.

. The general definition of a consumer transaction is one by a natural person who seeks or acquires goods or services for personal, family, or household use. See 16 C.F.R, 433 and R.S. 9:3516.

.See Associates Discount Corporation v. Bankston, La.App., 246 So.2d 335.