384 So.2d 388 (1980)
JEFFERSON BANK AND TRUST COMPANY
v.
Christos G. STAMATIOU.
No. 66166.
Supreme Court of Louisiana.
May 19, 1980.
*389 Kim M. O'Dowd, O'Dowd & O'Dowd, New Orleans, for defendant-applicant.
David R. Sherman, Donelon, Cannella & Donelon, Metairie, for plaintiff-respondent.
CALOGERO, Justice.[*]
Defendant's reconventional demand asserting a defense to plaintiff's suit on a promissory note given plaintiff's assignor for the purchase of a truck was dismissed. The trial judge held in favor of the plaintiff bank, granting its exception of no cause of action upon finding the bank to be a holder in due course. The Court of Appeal affirmed the trial court judgment. Jefferson Bank and Trust Company v. Stamatiou, 375 So.2d 1185 (La.App.1979). We granted writs upon application of defendant, vendee and maker of the promissory note.
Defendant, Christos G. Stamatiou, purchased a truck from Key Dodge, Inc. At the time of purchase, defendant and an agent of Key Dodge signed an instrument designated Sale and Chattel Mortgage. The instrument or contract is on a single sheet of paper, front and back. It consists of provisions relative to the Sale and Chattel Mortgage with a promissory note at the bottom of this same page.[1] The note portion of the contract bears language indicating that it is an unconditional promise to pay $10,774.44 on prescribed terms. The preceding Sale and Chattel Mortgage portion of the instrument has numerous provisions including the following which preserves for the purchaser his defenses against a future holder:
"NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."
Defendant's signature appears twice on the instrument, once following the sale and chattel mortgage and once at the conclusion of the promissory note. The purchaser is shown on the contract as "Christos G. Stamatiou" and no provision of the sale and chattel mortgage/promissory note indicates the purpose of the purchase, or the use to which the truck is to be put. Nor does any provision of the instrument indicate that Stamatiou purchased anything other than an ordinary truck. Near the top of the contract there is a "Disclosure Statement" by which "Buyer acknowledges that the Promissory Note secured by Sale and Chattel Mortgage will be assigned to JEFFERSON BANK, as Assignee and CREDITOR within the meaning of the Federal Truth-In-Lending Act."
Key Dodge assigned this contract to plaintiff, Jefferson Bank and Trust Co., as *390 contemplated. Defendant alleges that the truck became inoperable and unusable a short time after purchase and that he notified Key Dodge and Jefferson Bank of the problem and demanded rescission of the sale because of these redhibitory vices. Later, Jefferson Bank filed an ordinary petition against Stamatiou for the unpaid balance on the note (after separating or cutting the note off from the remainder of the contract).
Defendant answered the suit and reconvened seeking rescission of the sale and judgment for return of the purchase price.
Plaintiff bank filed an exception of no cause of action to defendant's reconventional demand contending that because defendant purchased the truck for use in his tow truck business, the instrument is not a "consumer credit contract" and that therefore the above quoted language of the contract is not applicable. Plaintiff claims to be a holder in due course against whom defendant may not assert his redhibition defense. The trial court maintained plaintiff's exception and dismissed the reconventional demand. The Court of Appeal affirmed the trial court's ruling.
Our writ grant requires that we determine whether the inclusion of the preservation of defenses language (federally required in all "consumer credit contracts") in a contract which is not a consumer credit contract, allows the defendant to present his defense against a party who would otherwise be a holder in due course; in effect, whether the language, specifically countering the primary effect of holder in due course status is applicable to this holder, Jefferson Bank.
Under authority of 15 U.S.C. § 41, et seq., the Federal Trade Commission, a United States regulatory agency, requires the inclusion of the exact same language as was included in the present contract in all "consumer credit contracts" for the sale of goods or services. 16 CFR 433. The federal regulations define a consumer as "a natural person who seeks or acquires goods or services for personal, family or household use." Therefore in any contract for the sale of goods or services where credit is being extended to the purchaser, and the purchaser is acquiring the item for personal, family, or household use, the following language identical to that language used in the contract and quoted above, must be contained in the contract:

"NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." 16 CFR 433
The express purpose of the FTC regulation is to prevent the seller, in a consumer credit transaction, from separating the buyer's duty to pay from the seller's duty to perform as promised, by the seller's assigning the buyer's promissory note to a financing institution, as against whom, because of holder status, defenses would otherwise not be available.
Plaintiff makes the following argument: that the preservation of defenses language is included in all credit contracts to insure compliance with federal regulations but is only intended to apply to the appropriate transactions even though there is no notation to the effect that the clause is possibly inapplicable; absent inclusion in all credit contracts, the vendor and/or finance company would be required to have two different forms and to hire a staff attorney to instruct them each time which to use; and that the sale of the truck to defendant for use in his tow truck business takes the transaction out of the consumer credit contract category as defined by the FTC, and thus the provision, although there *391 in the contract, was not applicable to this transaction and should be ignored.[2]
Defendant on the other hand claims that the preservation of defenses language (whether federally required in this contract or not) was included in the contract and as such becomes a part of that contract. Defendant relies on La.Civ.Code art. 1901[3] and La.Civ.Code art. 1945[4] in support of his argument.
We conclude that defendant's argument is the more persuasive and is more supported by the law. Under the provisions of the Civil Code, parties are free to govern their relationships through their contracts, and the contractural provisions have the effect of law on the parties. The contract between Stamatiou and Key Dodge, as assigned to plaintiff, provided "Any holder of this ... contract is subject to all claims and defenses which the debtor could assert against the seller." That the parties to the contract mistakenly asserted that it was a consumer credit contract ("any holder of this consumer credit contract") is of little consequence. In looking at the contract, there was nothing on the face of the instrument to indicate that this was not a "consumer credit contract." The assignee/holder was put on notice that all defenses were available to the buyer against him at the time he acquired the instrument. In looking at the face of the instrument, plaintiff could not have expected to be a holder in due course, and is not now entitled to be so treated. At best the contract is ambiguous and is surely not to be construed against the purchaser who did not confect it. Kuhn v. Stan A. Plauche Real Estate Company, 249 La. 85, 185 So.2d 210 (1966); and La. Civ.Code art. 1958.
Plaintiff bank further argues that all parties are presumed to know the law and therefore, defendant should have known that the language in question was not intended to apply to their contract. Defendant can hardly be charged with knowledge of a federal regulation, defining consumer in a manner more limited than that used in everyday language.[5] In any event, if we were to agree with plaintiff's argument that the parties are presumed to know the law and the pertinent federal regulations as well, then we fail to understand why the preservation of defenses language was not excluded from this contract if that was what the parties intended.
Finally, plaintiff argues that the preservation of defenses language only appears in the Sale and Chattel Mortgage portion of the instrument and not in the promissory note and therefore, the language, *392 even if applicable in a suit on the chattel mortgage, is not applicable in a suit on the note alone. As stated above, the instrument executed by the parties was all one piece of paper. There was no perforated line separating the Sale and Chattel Mortgage from the Promissory Note or other indication that the note was likely or possibly to be employed separately. We do not accept plaintiff's contention that he can alter the effects of the contractural undertaking by the simple expedient of physically separating the promissory note from the rest of the contract.
For these reasons we conclude that the preservation of defenses language is applicable to the contract. Plaintiff bank is subject to defendant purchaser's claims or defenses and the contract provision takes precedence over the rights plaintiff would otherwise have been legally entitled to under R.S. 10:3-305 as a holder in due course.

Decree
Accordingly the judgment of the district court and the Court of Appeal is reversed and plaintiff's exception of no cause of action to defendant's reconventional demand is overruled. The case is remanded to the district court for further proceedings consistent with this opinion.
REVERSED; REMANDED TO DISTRICT COURT.
NOTES
[*] Honorable FREDERICK STEPHEN ELLIS participated in this decision as an Associate Justice Pro Tempore.
[1] It should be noted that there is no perforation between the Chattel Mortgage and the Promissory Note. Rather, both are on the single sheet of paper; both are parts of a single instrument. The note portion bears a paragraph:

"NE VARIETUR
As per Act of Sale and Mortgage of this date: December 12, 1972
A. J. Boudreaux, Notary Public"
[2] Plaintiff also contends that the language in question is preceded by the heading "Notice" and that such heading indicates that the language in question is informational only and is not a legally binding provision of the contract. In fact, the word "Notice" is required by the FTC for the purpose of calling the buyer's attention to the clause so that he is aware of his included rights. Nonetheless, it is that very inclusion of the provision within the contract that gives the buyer his rights. The provision is not merely inserted in the contract to inform the buyer of a right which exists independently of the provision's inclusion in the contract.
[3] La.Civ.Code art. 1901 provides as follows:

"Agreements legally entered into have the effect of laws on those who have formed them.
They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law.
They must be performed with good faith."
[4] La.Civ.Code art. 1945 provides as follows:

"Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them. Upon this principle are established the following rules:
FirstThat no general or special legislative act can be so construed as to avoid or modify a legal contract previously made;
SecondThat courts are bound to give legal effect to all such contracts according to the true intent of all the parties;
ThirdThat the intent is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences; FourthThat it is the common intent of the partiesthat is, the intention of allthat is to be sought for; if there was a difference in this intent, there was no common consent and, consequently, no contract."
[5] Webster's New Collegiate Dictionary defines consumer as "one that utilizes economic goods." Webster's New Collegiate Dictionary, (Woolf, H. B., ed.) G. & E. Merrian Co. 1979.