393 So.2d 668 (1980)
CAPITAL BANK AND TRUST COMPANY
v.
Freddie Lee LACEY and Edward J. Lacey.
No. 67416.
Supreme Court of Louisiana.
November 10, 1980.
Rehearing Denied February 13, 1981.
Coxe & Coxe, James R. Coxe, III, Baton Rouge, for defendant-applicant.
Gary & Field, Russell L. Dornier, Baton Rouge, for plaintiffs-respondents.
LEMMON, Justice.
This is a suit for a deficiency judgment to recover the balance due by Freddie Lacey on a promissory note after distribution of the proceeds of a judicial sale of Lacey's tractor and dump truck in an earlier executory proceeding filed to enforce the chattel mortgage securing the note. Lacey answered, alleging that the vehicle was defective and that plaintiff took the note subject to the claims and defenses he could assert against the seller of the vehicle, who had transferred the note to plaintiff. Lacey also filed a separate suit against the seller, and the matters were consolidated for trial.
*669 The trial court found the vehicle was defective and dismissed this suit. However, the court of appeal reversed, holding that plaintiff was a holder in due course and was entitled to recover the balance due on the note.[1]
We granted Lacey's application for certiorari on the belief that the judgment of the court of appeal conflicted with our decision in Jefferson Bank and Trust Co. v. Stamatiou, 384 So.2d 388 (La.1980). In the Stamatiou case we held that the holder of a promissory note secured by a chattel mortgage was subject to the maker's defenses against the seller of the chattel when the mortgage contained the preservation of defenses language required in consumer credit contracts by 16 C.F.R. 433, even though the mortgage was not a consumer credit contract and the language had been inadvertently inserted. In the present case, however, our examination of the note and the mortgage reveals that the preservation of defenses language is not included, and the Stamatiou decision is therefore inappropriate.
Lacey contends, nevertheless, that the transaction did indeed qualify as a consumer credit contract and that the defenses he could assert against the seller were available against plaintiff. On the other hand, plaintiff contends that the transaction was a sale of goods for commercial use, which is not covered by the federal regulation.
16 C.F.R. 433 does not purport to make the subsequent holder of a consumer credit contract automatically subject to the claims and defenses which the debtor could assert against the seller of the goods or services.[2] Rather, the federal regulations merely declare it an unfair trade practice for a seller to accept the proceeds of a purchase money loan unless the consumer credit contract includes the preservation of defenses language, and the regulations further provide a penalty for violation. It is the inclusion of the required language that, by making the promise to pay conditional, prevents a subsequent holder from becoming a holder in due course.
If this transaction was a consumer credit contract, then the seller may be subject to a penalty for violation of the regulation which requires the preservation of defenses language. But plaintiff, who has established that it is otherwise a holder in due course, is not affected by the seller's acceptance of the purchase money loan proceeds without including the required language.
The judgment of the court of appeal is affirmed.
AFFIRMED.

On Application for Rehearing
PER CURIAM.
On application for rehearing defendants contend that our opinion on original hearing did not dispose of their exceptions of no right of action and nonjoinder of an indispensable party.
The peremptory exceptions were filed after this court granted defendants' application for certiorari, but before submission of the case for decision. C.C.P. art. *670 2163 authorizes this court to consider peremptory exceptions filed for the first time in an appellate court, if the pleading is filed prior to submission of the case for decision and if proof of the ground of the exception appears of record.
The proof necessary to support defendants' exceptions is not in the record on appeal.[1] Defendants attached a transcript of testimony taken in another proceeding to their exceptions filed in this case. Of course, we cannot consider any evidence that was not admitted in this case in the trial court or that was not added to the record on appeal by stipulation of the parties, and we simply declined to consider the exceptions on original hearing.
Defendants now request that we remand the case for proper introduction of evidence which might support the exceptions. We view defendants' assertion that plaintiff bank improperly obtained a judgment on a note at a time when it was not the holder as an allegation of ill practice, which is more properly addressed to a separate action for nullity of judgment. Without commenting on the merits of that assertion, we merely deny defendants' request for a remand in this case.
The application for rehearing is denied.
NOTES
[1] In the consolidated case the court of appeal affirmed a judgment in favor of Lacey for damages against the seller. This court denied certiorari, and that judgment is now definitive.
[2] 16 C.F.R. 433.2 provides in pertinent part:

"In connection with any sale or lease of goods or services to consumers, in or affecting commerce as `commerce' is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of that Act for a seller, directly or indirectly, to:
* * * * * *
"(b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:
"NOTICE
"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER."
[1] Defendants contended they learned, at a hearing in relation to defendants' execution of their judgment against the seller of the truck rendered in a consolidated case, that plaintiff bank had assigned their account to the seller of the truck prior to rendition of the judgment in this case. Defendants argue plaintiff bank should not have proceeded to obtain a judgment after it no longer had a real and actual interest in the action.