ELLIS, Judge:
Plaintiffs Hezzie and Lottie Baham, doing business as H & L Furniture Company and as Baham’s Used Cars, wanted to secure insurance on their two businesses. They got in- touch with Carl O. Speed, an *935 insurance agent. Mr. Speed was unable to obtain the insurance through the companies he represented but offered to obtain the insurance through another broker. Mr. Speed then called Gene J. Bordelon of B & B Brokerage, asked if he could place the insurance, and was told it could be placed.
The total premium for coverage on both businesses was $6,125.00. Of this amount, plaintiffs paid $1,507.50 in cash to “Carl Speed Ins.”, and the remainder of the premium, $4,617.50, was financed through A & R Capital Corp. for a finance charge of $393.43, making a total due by plaintiffs to A & R of $5,010.93, which was payable in nine monthly installments of $556.77. The premium finance agreement between the Bahams and A & R was executed on December 1, 1978, and on December 13, 1978, the sum of $4,617.50 was paid by A & R to B & B Brokerage.
A policy of insurance, dated December 1, 1978, but effective as of October 26, 1978, covering H & L Furniture Store against fire, extended coverage, vandalism and malicious mischief, was issued by Unionameri-ca Reinsurance Company, for a total premium of $2,772.63. No insurance policy covering the used car business was ever obtained by Mr. Bordelon, despite Speed’s testimony that Bordelon had assured him that he had obtained a policy for the used car business.
This suit was filed by plaintiffs for the return of all premiums paid and for mental anguish. After all pleadings had been filed, and some parties dismissed, the defendants at the trial were Mr. Speed, Mr. Bordelon and A & R Capital Corporation. Mr. Speed third partied Bordelon and A & R for indemnity or contribution. Mr. Bordelon filed an answer in proper person to the main demand, but made no appearance at the trial. A & R filed, at the trial, peremptory exceptions of no cause of action and no right of action, which were referred to the merits.
After trial on the merits, judgment was rendered in favor of plaintiffs and against all three defendants, in solido, for $2,772.63 with interest from date of judicial demand. Both the reasons for judgment and the judgment itself were silent as to the third party demands made by Mr. Speed. From the judgment, Mr. Speed has appealed sus-pensively and A & R has appealed devolu-tively.
In this court A & R assigns as error the failure of the trial court to sustain its exception of no cause of action, and the finding of liability on its part. Mr. Speed neither appeared nor filed a brief, so that his appeal will be dismissed by the court, ex proprio motu, under Rule VII, Sec. 5(b) of the Uniform Rules of the Courts of Appeal.
The supplemental petition, by which A & R was brought into the case as a defendant, contains the following allegations of fact:
“Commencing January 3, 1979, defendant A & R Capital Corporation was paid monthly payments in the amount of Five Hundred Sixty-One and 77/ioo ($561.77) Dollars for premiums on the insurance contracts set out in this litigation. A & R Capital Corporation received Forty-Four Hundred Fifty-Four and 16/ioo ($4,454.16) Dollars, none of which has been refunded to plaintiffs.”
Based on the above, and on the allegations of the original petition, which states that no policy of insurance covering the used ear business was received, plaintiffs alleged the liability of A & R in solido with the other defendants.
The above amounts to a claim that plaintiffs ordered an insurance policy, paid the premiums to A & R, and never received the policy. These allegations, if true, would render A & R liable to plaintiffs. It is of no moment that the ultimate finding of liability on the part of A & R is based upon an entirely different set of facts. The exception of no cause of action is without merit.
During the trial of the case, plaintiffs introduced, without objection, the premium finance agreement between them and A & R. This agreement contained the following provision:
“NOTICE: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could *936 assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder by the debtor shall not exceed amounts paid by the debtor hereunder.”
Since it is clear from the record that A & R played no part in the transaction except to finance a part of the premiums, and had no connection with the issuance of insurance, there is no basis for liability on its part other than the language above quoted. The trial judge found that the quoted provision meant exactly what it said, and that plaintiffs could exercise their claim (for the return of the premium paid for insurance not delivered) against A & R.
A & R argues that, since the transaction in this case is a commercial rather than consumer transaction,' the above clause should have no effect, since under federal law it is required only in consumer transactions. However, in Jefferson Bank & Trust Co. v. Stamatiou, 384 So.2d 388 (La.1980), the Supreme Court held that, when the above preservation of defenses clause is included in a commercial credit contract, even though inadvertently, the clause would be given effect. We find the Jefferson Bank case applicable and controlling in this case. It is immaterial that the Federal Trade Commission did not intend the preservation of defenses clause to apply to commercial transactions.
A & R’s final assignment of error is that the “trial court erred in holding A & R Capital in solido liable with Speed and Bor-delon as such holding places A & R Capital in the posture of a guarantor of the agent’s fiduciary obligation to plaintiff, rather than as a mere lender of money, and this holding is contrary to the weight of the law and the evidence.” As we pointed out above, there is no legal basis for liability on-the part of A & R other than the preservation of defenses clause in the contract, and no implication otherwise should be drawn from this opinion.
The judgment appealed from is, accordingly, affirmed. A & R shall pay all costs of this appeal.
AFFIRMED.