424 So.2d 1172 (1982)
COURTESY FINANCIAL SERVICES, INC.
v.
John A. HUGHES and Teresa Hughes.
No. 82 CA 0308.
Court of Appeal of Louisiana, First Circuit.
December 21, 1982.
*1173 Robin Poirier, Baton Rouge, for plaintiff-appellant.
Thomas D. Benoit, Baker, for defendants-appellees.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Courtesy Financial Services, Inc. (plaintiff) filed suit against John A. Hughes and Teresa Hughes (defendants) for $1,025.43, the unpaid balance due on a promissory note executed for the purchase price of a used car. Finding that plaintiff was not a holder in due course, and that defendants established a failure of consideration in that the car was defective, the trial judge dismissed plaintiff's suit.
On October 13, 1978, defendants purchased a used 1976 Plymouth Fury Station Wagon from Security Motors. Paul A. Crumrin, Jr., handled the transaction both as salesman for Security Motors and as loan officer for plaintiff. One month after the sale, defendants experienced problems with the brakes and replaced them. During the two years that defendants drove the car, numerous other problems arose: the ceiling liner inside the car fell out and emitted a musty smell; the gas tank rusted and *1174 leaked; the water pump went out; the radiator overheated; the electrical system shorted and the brake lights ceased to function; the heater, air conditioner and power steering went out, etc. As the various problems arose, defendants attempted to repair the car themselves. However, they finally "gave up the ghost" in June of 1980. Since that time, the car has been sitting in defendants' front driveway.
Defendants' last payment was made on July 1, 1980. Payments stopped because breakdowns were causing defendants to be late for work, and because defendants felt that they were "getting further and further in the hole trying to keep the car running." Prior to July 1, 1980, defendants continued to make payments even though they were both out of work. Defendants paid approximately $2,502.06, the difference between the amount financed ($3,527.49) and the amount sued upon ($1,025.43) before they ceased making payments. When payments were made, defendants informed plaintiff that they were having problems with the car. In fact, defendants asked plaintiff for a loan of $600.00 so they could get repair work done. In response to plaintiff's suit, defendants raised the affirmative defense of failure of consideration, asserting that the car was defective, rendering it totally unfit for normal use.
Plaintiff says that: (1) the trial judge erred in entering judgment based on the defense of failure of consideration, and (2) the trial judge erred in finding that the plaintiff was not a holder in due course.
In a suit on a promissory note by a payee against the maker, the plaintiff will be given the presumption that the instrument was given for value received unless the maker casts doubt upon the consideration. Once the maker has cast doubt upon the issue of consideration, the burden shifts to the payee to prove consideration by a preponderance of the evidence. Brashears v. Williams, 294 So.2d 246 (La.App. 1st Cir. 1974).
Defendants testified as to the various malfunctions in the car and cast doubt on the issue of consideration. Plaintiff did not offer any evidence to rebut the testimony of defendants or to establish that consideration was given. Whether defendants' testimony alone was sufficient to cast doubt on the issue of consideration was a question of fact which the trial judge, by judging the credibility of the witnesses, was most competent to determine. Canter v. Koehring Company, 283 So.2d 716 (La.1973). The trial judge found that:
"Defendants have presented evidence, largely uncontradicted, of an impressive array of defects and malfunctions for even a two-year old used automobile. This court is persuaded that, taken as a whole, they manifest a failure of consideration."
We agree with the conclusion of the trial court that a failure of consideration existed.
Although the original payee on the note, plaintiff claims the status of holder in due course, and thus an exemption from the defense of failure of consideration.
"After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course." La.R.S. 10:3-307(3)[1]
Plaintiff says that La.R.S. 10:3-302(2) gives a payee the status of a holder in due course.[2] However, said provision only states that a "payee may be a holder in due course." La.R.S. 10:3-302(2); (emphasis *1175 added). Although a payee may be a holder in due course, said status is not automatic. When the payee deals with the maker through an intermediary (remitter) and does not have notice of defenses, such an isolated payee may take as a holder in due course. In most instances, however, a payee will not be a holder in due course because said payee will usually have notice of defenses and claims by virtue of the fact that he has dealt directly with the maker. In order for a payee to be a holder in due course, all of the basic requirements must be met. A holder in due course is a holder who takes the instrument (1) for value, (2) in good faith, and (3) without notice that the instrument is overdue or has been dishonored or of any defense or claim affecting the instrument. La.R.S. 10:3-302. Thus, a payee who is an immediate party to the transaction is not automatically entitled to holder in due course status.
In this case, Security Motors, the vendor, and plaintiff were owned by the same person and occupied the same building. Paul A. Crumrin, Jr., the branch manager for plaintiff, testified that he handled the sale both as salesman for Security Motors and also as loan officer for plaintiff, as he was employed by both corporations. The trial court correctly found that plaintiff, a payee who was an immediate party to the transaction, was not entitled to holder in due course status.[3] Thus, defendants may properly assert the defense of failure of consideration.[4]
Failure of consideration is a defense to an action by one who does not have the rights of a holder in due course. La.R.S. 10:3-306(c), La.R.S. 10:3-408. Since defendants cast doubt upon the issue of consideration, and plaintiff did not meet its burden of proving consideration by a preponderance of the evidence, the trial judge correctly dismissed plaintiff's claim. Brashears v. Williams, supra. Because plaintiff is not entitled to the rights of a holder in due course, the personal defense of failure of consideration can be used to defeat plaintiff's claim. La.R.S. 10:3-306(c); La.R.S. 10:3-408; Fisher v. Childs Inv. Co., Inc., 411 So.2d 1180 (La.App. 4th Cir.1982), writ denied, 416 So.2d 115 (La.1982).[5]
Accordingly, this appeal is affirmed at plaintiff's costs.
AFFIRMED.
NOTES
[1] When the maker of a negotiable instrument establishes failure of consideration, the burden shifts to the alleged holder in due course to prove that he is a holder in due course before maturity in good faith and for valuable consideration. Equitable Discount Corp. v. Jefferson Television S. & S., 169 So.2d 567 (La.App. 4th Cir.1964); Credit Industrial Co. v. Jewell, 58 So.2d 239 (La.App. 1st Cir.1952).
[2] Prior to the enactment in 1975 of Title 10 of the La. Revised Statutes, a payee was not entitled to holder in due course status. La.R.S. 7:52; See Republic Finance of Gramercy, Inc. v. Davis, 289 So.2d 891. (La.App. 4th Cir. 1974).
[3] Contra, Ford Motor Credit Company v. Williams, 225 So.2d 717 (La.App. 1st Cir.1969). In this case, the plaintiff was not the named payee on the note, but took the note by endorsement. In addition, a sufficient connection between the plaintiff and the vendor was not proven.
[4] A Federal Trade Commission regulation requires that notice be given that the holder of a consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller. 16 CFR 433.1, 433.2. However, it is the inclusion of the required language that prevents a subsequent holder from becoming a holder in due course. Capital Bank and Trust Co. v. Lacey, 393 So.2d 668 (La.1980). Even if the present transaction was a consumer credit transaction, plaintiff is not automatically precluded from being a holder in due course because the requisite notice did not appear on the face of the instrument. See also, Jefferson Bank and Trust Co. v. Stamatiou, 384 So.2d 388 (La.1980).
[5] See Bartolotta v. Gambino, 78 So.2d 208 (La. App.1955), for the proposition that the buyer can assert the defense of failure of consideration in seller's action for purchase price and is not required to bring an action to annul the sale on the ground of redhibitory vice.