ALFORD, Judge.
This is an appeal from a judgment of the Thirty-Second Judicial District Court, Parish of Terrebonne, maintaining appellees’ dilatory exception of prematurity. Appellant, First Homestead Federal Savings & Loan Association, filed suit alleging that it was the payee and holder for value of a past due and unpaid promissory note executed by appellees, Mr. and Mrs. Julius A. Boudreaux. In their exception, appellees urged that appellant was not entitled to judicial enforcement of the note due to the fact that it was given in conjunction with a home improvement contract which required arbitration of any disputes arising out of the contract. Additionally, appellees alleged that a dispute had arisen over whether the contractor had satisfactorily completed the contract, and thus, arbitration was called for under the contract.
Appellees entered into the home improvement contract with L.A.S. Enterprises. The contract provided that L.A.S. would not only sell the materials to be used but would also install them. In order to facilitate payment, it was agreed that L.A.S. would arrange the necessary financing and execute the necessary papers at appellees’ cost. In addition, the contract stated:
“Contractor and Owner agree that if a dispute arises out of this contract both parties will first submit the dispute to the Arbitration Committee of the Remo-delers Division of the Home Builders Association of Greater New Orleans and *996 each will pay a fee of $25.00 to defray costs of inspection and arbitration.”
Also noted on the face of the contract in bold face type was the notice required on all consumer credit transactions by 16 C.F.R. 433. This notice reads:
“NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR.”
L.A.S. and appellees executed the contract on May 4, 1981. On that same day, appellees executed a promissory note made out to the Order of Bearer. There was a notation on the note that L.A.S. was the seller (creditor) with the further notation that appellant was financing the transaction and would also become a creditor. L.A.S. assigned the note to appellant on June 29, 1981. This note also contained the required 16 C.F.R. 433 notice found on the home improvement contract.
It is apparent from the inclusion of the 16 C.F.R. 433 notice in both the contract and the note that appellant is not a holder in due course of appellees’ promissory note. Jefferson Bank & Trust Co. v. Stamatiou, 384 So.2d 388 (La.1980). LSA R.S. 10:3-306(b) provides that one not a holder in due course takes a note subject to “all defenses of any party which would be available in an action on a simple contract.” As a mere holder therefore, appellant is subject to any defense appellees might raise against L.A.S. Enterprises.
As noted in Cook v. AAA Worldwide Travel Agency, 360 So.2d 839, 841 (La.1978):
The defense that plaintiffs are not entitled to judicial relief because of a valid agreement to submit their claims to arbitration may be raised, as it was here, by the dilatory exception pleading prematurity. La.C.C.P. art. 926(1), which is determined on the basis of the showing made at the in-limine trial of the exception, including evidence introduced at the trial thereof. La.C.C.P. arts. 929, 930. When the issue is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. Cf. Steeg v. Lawyers Title Insurance Corporation, 329 So.2d 719 (La.1976).
Appellees have met their burden of showing the existence of a valid contract to arbitrate.
Appellant maintains that the arbitration association designated in the contract is no longer in existence. We are unable to consider this assertion due to the fact that appellant has not introduced any evidence in support of this allegation. Having found that appellee has proven that a valid agreement to arbitrate was entered into, we affirm the trial judge’s decision to maintain the dilatory exception to prematurity.
AFFIRMED.