CIACCIO, Judge.
Defendant, Willie Sanders files this de-volutive appeal from an interlocutory judgment of the district court which sustained the plaintiff’s motion to strike a jury trial in this suit for executory process and deficiency judgment. We affirm.
On September 24,1984 plaintiff, Chrysler Credit Corporation, filed a petition for exec-utory process seeking to foreclose on a *1168 1979 Dodge vehicle which was encumbered with a chattel mortgage. The chattel mortgage secured a promissory note in the face amount of $23,051.40 and at the time of foreclosure there was an outstanding indebtedness of $7,276.74. The vehicle was sold at sheriff’s sale for $2,600 and thereafter, on October 30, 1984 plaintiff sought a deficiency judgment for the balance of the indebtedness plus costs and fees.
On June 3, 1985, Willie Sanders filed an answer to the petitions for executory process and deficiency judgment wherein he alleged that the chattel mortgage was not in authentic form. He also filed a recon-ventional demand against the plaintiff seeking damages for “tortious conversion” of his vehicle and alleging that his vehicle was “illegally seized and sold ... since the chattel mortgage was not witnessed by two witnesses and therefore the chattel mortgage was not authentic.” Additionally, plaintiff filed a third party demand against Chrysler Life Insurance for indemnification. In this third party demand he alleged his disability and the obligation of Chrysler Life Insurance under the terms of its policy to make his note payments on the vehicle. The defendant sought a jury trial on all issues. Answers of general denial were filed by Chrysler Credit Corporation and Chrysler Life Insurance. Chrysler Credit Corporation also filed a motion to strike the jury trial filed by the plaintiff. The trial court, on March 7, 1988, granted judgment striking the jury trial and this appeal followed.
On appeal the defendant contends that the trial court erred in striking the jury trial. He alleges that his vehicle was illegally seized as a result of an unfair trade practice. La.R.S. 51:1401, et seq. He reasons that the note sued upon is not an unconditional promise to pay because of the following language contained in it:
Notice: Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof. Recovery hereunder shall not exceed amounts paid by the debtor hereunder.
Therefore, he argues that this language constitutes an exception to the limitation on a jury trial as expressed under Louisiana Code of Civil Procedure Articles 1731 and 1732(2).
The codal articles upon which Sanders relies read as follows:
La. C.C.P. Art. 1731. Issues triable by jury
A. Except as limited by Article 1732, the right of trial by jury is recognized.
The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury.
La. C.C.P. Art. 1732. Limitation upon jury trials
A trial by jury shall not be available in:
(1) A suit where the amount in dispute does not exceed twenty thousand dollars exclusive of interest and costs.
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want or failure of consideration.
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, worker’s compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, separation from bed and board, annulment of marriage, or divorce proceeding.
(4) A proceeding to determine custody, visitation, alimony, or child support.
(5) A proceeding to review an action by an administrative or municipal body.
(6) All cases where a jury trial is' specifically denied by law. (Emphasis Supplied)
According to these codal provisions a jury trial is generally not available in a suit for executory process. Thus we must decide whether the language in the note relied upon by the defendant removes this suit from the prohibition of Louisiana Code of Civil Procedure Article 1732(2).
In this regard we find Whitney National Bank of New Orleans v. Smith persuasive. *1169 482 So.2d 787 (La.App., 4th Cir.1986). In Whitney, supra, the plaintiff sued the defendant on two certain promissory notes and the defendant reconvened alleging fraud and seeking damages. The defendant sought a jury trial on the main and reconventional demands. The trial court granted a trial by jury on the main demand only and defendant sought writs and appealed the judgment of the trial court in denying a jury trial on the reconventional demand. The defendants argued that there were well pleaded allegations of fraud under Louisiana Civil Procedure Article 1732(2) which entitled them to a jury trial as the obligation sued upon was not an unconditional promise to pay. This court disagreed and found no error in the denial of a jury trial on this reconventional demand.
Willie Sanders argues that Jefferson Bank and Trust Co. v. Stamatiou, 384 So.2d 388 (La., 1980) supports his position that the quoted language in the note prevents the obligation sued upon from being an unconditional promise to pay. We disagree.
Our review of that decision satisfies us that it is factually distinguishable from the present case. That is, the issue presented in Jefferson, supra was whether the quoted language in the note would enable the defendant who was sued on the note to raise a defense of redhibitory vice and reconvene seeking recision of the sale and return of the purchase price. The court held that the quoted language precluded the plaintiffs protection as a holder in due course and hence, the defendant could properly raise the stated defense.
Since we find that the main demand in the present case is not triable by a jury, we now consider whether the reconventional demand is properly to be tried by a jury.
In Quartana v. Jenks, 355 So.2d 607 at 609 (La.App., 4th Cir.1978), footnote 1 this Court stated:
1. The principal demand here cannot be tried by jury because it is a suit on an unconditional obligation to pay a specific sum of money. C.C.P. Art. 1733(2). According to C.C.P. Art. 1731 and the comments thereunder, a jury trial is not available on an incidental demand when the principal demand is not triable by jury.
For these reasons the trial judge correctly granted the plaintiffs motion to strike the jury trial on all demands.
The interlocutory judgment is affirmed at defendant’s cost.
INTERLOCUTORY JUDGMENT AFFIRMED.